[No. 24596. Department Two. November 2, 1933.]

CARRIE M. NYSTROM, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*G. E. Peterson* and *Charles T. Peterson,* for respondent.

BLAKE, J.—Sam Nystrom died June 6, 1930. The respondent, his widow, filed a claim with the department of labor and industries on March 16, 1931, asserting that Nystrom's death was the result of injuries sustained in a logging operation. The department denied the claim, whereupon Mrs. Nystrom appealed to the joint board of the department, which affirmed the order of the department denying the claim. Thereupon, Mrs. Nystrom appealed to the

[1]Reported in 26 P. (2d) 620.

superior court, before which trial was had upon the record made before the joint board. The superior court reversed the order of the joint board and entered judgment awarding allowances to Mrs. Nystrom in accordance with the provisions of the workmen's compensation act. From the judgment so entered, the department appeals.

Appellant makes seven assignments of error, which may be grouped under two heads: (1) Did Sam Nystrom, in the course of a logging operation, receive an injury which caused his death? (2) Was he, at the time of injury, operating within the purview of the workmen's compensation act?

In view of the conclusion we have reached on the second question, it will be unnecessary to set forth the evidence concerning the manner in which Nystrom met his death. For the purposes of discussion, we accept the finding of the trial court that Nystrom received injuries, in a logging operation, which resulted in his death.

Proceeding, then, to the question of whether Nystrom was within the purview of the workmen's compensation act at the time he was injured, we find the following pertinent facts in the record. In 1926, Nystrom, as an employer, brought himself under the act in two extrahazardous enterprises: (1) Logging, and (2) operating a tie mill. These operations are separately classified under the act, and carry different industrial insurance and medical aid rates. Rem. Comp. Stat., § 7676; Rem. 1927 Sup., § 7676; Rem. Rev. Stat., § 7676(a). The department, however, opened and carried both of Nystrom's enterprises under one account, being numbered 41439. In his payroll reports on both operations, Nystrom brought himself under the act by complying with Rem. Rev. Stat.,

§ 7675. Both operations ceased, and the account was marked closed as of October 16, 1926.

By letter dated April 29, 1929, Nystrom notified the department that he was putting up a tie mill, and asked for "information in regard to how to make report and so forth." Under date of May 5, 1929, the department advised him about making reports, and gave him the rates for *tie mill operation*. Thereafter, Nystrom made payroll reports for May and June, 1929, under the classification of *tie mill*. His old account (41439) was marked, "Re-opened."

No payroll report was ever made by Nystrom on logging operations after the account was closed in 1926, and he never thereafter made any payroll reports on tie mill operation other than those made for May and June, 1929, above referred to. He did, however, under date of September 12, 1929, report to the department that he had no payroll from June 30 to September 2, 1929. In response to notice of default and request for payroll, made in November, 1929, Nystrom noted: "No payroll for either September or October." Again, on a similar notice made in January, 1930, he noted: "Not operating." To a similar notice sent him in April, 1930, he reported: "No payroll for either February or March."

The department, apparently at his request, mailed certain blanks to him on May 8, 1930. But no reports of payroll were forthcoming until July 18, 1930, when Mrs. Nystrom, the respondent here, made a payroll report under "logging" operation. This was nearly six weeks after Nystrom's death. Although respondent had theretofore signed and acknowledged the claim for compensation, she did not notify the department of Nystrom's death until she filed the claim on March 16, 1931.

It is appellant's contention that Nystrom's account was never reopened for logging operations, and we think this contention must be sustained. It will be remembered that the account (41439) was opened for two operations—tie mill and logging; that these operations fall in different classifications and carry different rates; that the account was closed October 16, 1926; that it was reopened in 1929 only as a tie mill operation; that it was carried after that only as a tie mill operation.

The statute, Rem. Rev. Stat., § 7676, provides:

"Every employer who shall enter into any business, or who shall resume operations in any work or plant after the final adjustment of his payroll in connection therewith, shall, before so commencing or resuming operations, as the case may be, notify the director of labor and industries of such fact, accompanying such notification with an estimate of his payroll for the first calendar month of his proposed operations, and shall make payment of the premium on such estimated payroll."

No claim is made that Nystrom complied with this provision other than, as above indicated, for the tie mill operation.

But respondent contends that the reopening of account No. 41439 brought Nystrom within the scope of the act for logging, as well as tie mill operation. We do not think the contention is supported either by the facts or law. Carrying the two operations under one account was purely a matter of office administration or bookkeeping in the department. It had nothing to do with the segregation or classification of the two operations.

The two operations were not, and could not be made, a unit simply because they were carried under the one account. When that account was closed in October, 1926, it was closed as to both operations. It could be

reopened either as to one or the other or both of the operations only by compliance with Rem. Rev. Stat., § 7676, *supra*. Nystrom complied with it only as to the tie mill operation. We are of the opinion that he wholly failed to comply with the above quoted portion of Rem. Rev. Stat., § 7676, before resuming his logging operations. He was, therefore, not operating under the act at the time he was injured.

The judgment of the lower court is reversed, and the order of the joint board of the department is affirmed.

BEALS, C. J., TOLMAN, and GERAGHTY, JJ., concur.

HOLCOMB, J. (dissenting)—I dissent. It seems to me that the department led the deceased to believe, from May, 1929, that all his operations were claimed under the tie mill account, and that such was a sufficient compliance with Rem. Rev. Stat., § 7676.

That would call for an affirmance of the judgment.